CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. BRYCE WILHITE                              DKT. NO. 1:16CR00295-7

### PETITION FOR SUMMONS ON PERSON UNDER SUPERVISION

COMES NOW, Troy Ruplinger, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Bryce Wilhite, who was placed on supervision by the Honorable Christine M. Arguello, sitting in the United States District Court in Denver, Colorado, on October 24, 2017.  The defendant was sentenced to 20 months imprisonment and 5 years supervised release for an offense of Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii).  Supervision commenced on October 24, 2017 and is set to expire on October 23, 2022.  As noted in the judgment [Document 341], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

## 1.  MAKING FALSE STATEMENT TO THE PROBATION OFFICER

On or about August 12, 2021, the defendant stated in response to a question from the probation officer that he attended domestic violence treatment on August 11, 2021, when, in fact, he has not even enrolled himself into domestic violence treatment as instructed to do so, which constitutes a Grade C violation of supervised release.

On August 12, 2021, I met with the defendant at his residence to discuss his progress in domestic violence treatment at which time he told me that he attended the treatment session the evening before.  I spoke to Turning Point, the provider in which he said he was participating, and the provider stated that the defendant has yet to even complete an evaluation for said treatment.

## 2.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about June 26, 2019, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On June 26, 2019, the defendant provided a urine test at the probation office which tested positive for marijuana.  On July 8, 2019, I met with the defendant to confront him

on his drug use, at which time, he admitted to smoking marijuana just a couple days prior the day he provided the urine test.

### 3.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about January 13, 2020, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On January 13, 2020, the defendant provided a urine sample at the probation office which tested positive for marijuana.  On January 24, I confronted the defendant on his drug use at which time, he admitted to using marijuana the Wednesday before last the day of our meeting which would have been approximately January 8, 2020.

### 4.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about December 17, 2020, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On December 17, 2020, the defendant provided a urine sample at Independence House South, which tested positive for marijuana.  On January 5, 2021, I confronted the defendant about his marijuana use, and he denied any drug use.  On January 4, 2021, I received confirmation from Abbott Toxicology confirming the presence of marijuana in the defendant's urine sample.

### 5.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about May 20, 2021, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 20, 2021, the defendant provided a urine sample at Independence House North, which tested positive for marijuana.  On May 19, 2020, I met with the defendant, and he admitted to smoking marijuana on the day of his son's funeral, which was approximately May 14, 2020.

### 6.  POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about July 20, 2021, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On July 20, 2021, the defendant provided a urine sample at Independence House North, which tested positive for marijuana.  The defendant denied any new use of drugs;

therefore, the sample was sent to Abbott Toxicology and confirmation results are pending.

## 7. FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER

On or about April 2, 2021, the defendant was contacted by the Lone Tree Police Department and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On April 2, 2021, the defendant was issued a summons by the Lone Tree Police Department, Colorado, for Theft-$750-$2,000, Douglas County Court, Case Number 2021M737.  This case has not been resolved as the defendant failed to appear for his last scheduled hearing.

## 8. FAILURE TO PARTICIPATE IN COGNITIVE BEHAVIORAL TREATMENT AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to keep counseling appointments at Turning Point, the testing and treatment program in which the probation officer directed him to participate, on April 13, April 20, June 1, October 5, October 19, November 23, November 30, December 7, December 14, December 21, 2020, and August 9, 2021.  This constitutes a Grade C violation of supervised release.

I received written notification from Turning Point that the defendant failed to attend counseling sessions as instructed, on April 13, April 20, June 1, October 5, October 19, November 23, November 30, December 7, December 14, December 21, 2020, and August 9, 2021.

## 9. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on December 17, December 27, 2017, January 3, January 14, February 14, 2018, January 12, January 31, February 26, March 3, May 22, June 17, July 8, July 9, July 13, July 15, August 11, August 12, and August 17, 2021.  This constitutes a Grade C violation of supervised release.

I received written notice Independence House that the defendant failed to provide urine samples as directed, on December 17, December 27, 2017, January 3, January 14, February 14, 2018, January 12, January 31, February 26, March 3, May 22, June 17, July 8, July 9, July 13, July 15, August 11, August 12, and August 17, 2021.

10. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about March 3, 2021, the defendant moved from his residence at 1924 East 17th Avenue, Denver, Colorado 80206 and failed to notify the probation officer of this change within 72 hours, which constitutes a Grade C violation of supervised release.

On March 3, 2021, I conducted a home visit at the defendant's provided address. During that visit, I spoke to the defendant's sister who also resided with the defendant. She informed me he has not lived at the residence for approximately a week and a half.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's alleged violations, the probation officer requests a summons. The defendant a 26-year-old man, has been afforded many opportunities to gain compliance with his conditions of supervised release; however, he continues to use illicit drugs, fails to attend treatment, provides deceitful answers when questioned and continually having law enforcement contact.  As a result of the defendant's ongoing noncompliance, I am requesting Court intervention. The defendant has been on supervised release for almost 4 years.  During that time, I employed many intervention techniques in relation to the defendant's noncompliance to assist in his success on supervision, some of those interventions consist of Cognitive Behavioral Treatment (CBT) and Mental Health therapy.  I have spoken with him on countless occasions, offering him guidance, direction, resources, and encouragement to make the right decisions in life.   The defendant would engage in noncompliant activities, and then would regain compliance.  This cycle has been ongoing for years, not rising to the level of Court intervention.  I now believe the defendant could benefit from corrective and/or punitive action from the Court for his continued noncompliance.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a summons ordering the defendant to appear in court for a violation hearing, and that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Troy Ruplinger*
Troy Ruplinger
United States Probation Officer
Place:   Denver
Date:     September 1, 2021

*s/Gary W. Phillips*
Gary W. Phillips
Supervisory United States Probation Officer
Place:   Denver
Date:     September 1, 2021

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class A felony, thus the maximum sentence allowed upon revocation is 5 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 5 to 11 months.

## STATEMENT IN SUPPORT OF RELEASE AT INITIAL APPEARANCE:

The defendant does have an extensive history with violence and failing to appear. Arguably, the defendant's current conduct does not require immediate detention. The Probation Office will continue to monitor the defendant closely until his revocation hearing. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.